IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRY A. ROBINSON,

                    Petitioner,

v.                                                  ORDER

ATT'Y GEN. JOSH KAUL,                                    23-cv-636-jdp

                    Respondent.

---

      Petitioner Harry A. Robinson seeks relief under 28 U.S.C. § 2254 following his convictions for possession of heroin with intent to deliver. *State v. Robinson*, No. 2019AP1313-CRNM, 2022 WL 4137711 (Wis. Ct. App. Sept. 13, 2022).

      A habeas petitioner must "specify" all the grounds for relief available to him, *see* Rule 2(c)(1), Rules Governing § 2254 Cases ("Habeas Rules"), and support each ground with enough facts to warrant habeas relief, *see McFarland v. Scott*, 512 U.S. 849, 856 (1994). The petition "must substantially follow the form appended" to the Habeas Rules. Rule 2(d), Habeas Rules. That form, which this court has adopted, requires specific information about the petitioner's exhaustion of state-court remedies. The petitioner must name as respondent the state officer who has custody of him, and he must sign the petition under penalty of perjury. Rule 2(a), (c)(5), Habeas Rules.

      Robinson's petition, which runs 20 pages, is a stewpot of procedural history, factual contentions, and legal arguments. Robinson lists several claims for relief, but he follows this list with a disjointed factual and legal discussion, thus failing to state the particular facts supporting each claim as the habeas form requires. Similarly, Robinson intersperses his petition with several other potential claims for relief, but he frequently fails to provide adequate factual

support for them. In short, Robinson hasn't adequately specified his claims for relief, nor has he supported them with specific facts. Furthermore, partly due to its disorganization, the petition doesn't provide the specific information about exhaustion of state court remedies that the habeas form requires.

The petition has other deficiencies. Robinson named Attorney General Josh Kaul as respondent, but he's not the state officer who has custody of Robinson. Robinson should name the warden of his prison or the secretary of the Wisconsin Department of Corrections as respondent. Robinson tried to sign the petition under penalty of perjury, but his signature doesn't contain the proper verification language from 28 U.S.C. § 1746(2), which the habeas form does contain.

Therefore, the court will order Robinson to file an amended petition on the court's habeas form. The amended petition must:

- Specify all the grounds for relief available to Robinson;
- For each ground, state the facts that support it;
- State the relief requested;
- Be printed, typewritten, or legibly handwritten; and
- Be signed under penalty of perjury.

If Robinson needs additional space to allege facts supporting his claims, he may, if he wishes, file a supplemental brief not to exceed 10 pages. Any text or handwriting in the amended petition or supplemental brief must be large enough and spaced well enough to allow the court to read it easily.

ORDER

IT IS ORDERED that:

1. Petitioner has until December 29 to file an amended habeas petition in accordance with this order.

2. The clerk of court is directed to send petitioner copies of this order and the court's form for § 2254 cases.

Entered November 30, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge