IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRY A. ROBINSON,

                        Petitioner,

v.

KEVIN A. CARR,

                        Respondent.

OPINION and ORDER

23-cv-636-jdp

---

      Petitioner Harry A. Robinson, proceeding without counsel, seeks relief under 28 U.S.C. § 2254 following his convictions for delivering heroin in Milwaukee County Case No. 2014CF1137. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Robinson is not entitled to relief. I may take judicial notice of records in Robinson's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). Robinson has filed an improper "mixed" petition, meaning that it contains exhausted and unexhausted claims. Robinson hasn't shown good cause to stay this case and hold his unexhausted claims in abeyance pending his efforts to exhaust them in state court. So, I will give Robinson two weeks to notify the court whether he wants to dismiss the petition and return to state court to pursue his unexhausted claims, or submit a second amended petition containing only his exhausted claims.

BACKGROUND

This background is largely drawn from the state court of appeals' decision affirming both Robinson's convictions and the circuit court's denial of his postconviction motion. *State v. Robinson*, No. 2019AP1313, 2022 WL 4137711 (Wis. Ct. App. Sept. 13, 2022).

The state charged Robinson with five counts of delivering heroin, all as a second or subsequent offense. *Id.* *1. A jury convicted Robinson on all charges. *Id.* The circuit court sentenced Robinson to 20 years of initial confinement followed by 11 years of extended supervision. *Id.* Represented by Paul G. Bonneson, Robinson moved for postconviction relief, arguing that trial counsel, Patrick Flanagan, was ineffective because he didn't raise a third-party perpetrator defense or argue that Robinson's incriminating statement to police was involuntary. *See id.* The circuit court denied the motion. *Id.*

Bonneson filed a no-merit report seeking to withdraw as appellate counsel. *Id.* The state court of appeals determined that there was no arguable merit to a claim that the evidence was insufficient to support the verdict. *Id.* The state court of appeals reasoned that: (1) Special Agent Andrew Elmer of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives testified about multiple drug purchases from Robinson; (2) the state showed videotapes and presented audio recordings of the drug sales to the jury; (3) the state presented evidence about heroin and items used to sell drugs found in Robinson's home; and (4) Detective Charles Libal and Detective Keith Dodd of Milwaukee Police Department testified about the statement Robinson made to them in which he admitted selling heroin. *Id.*

The state court of appeals determined that there would be no arguable merit to a claim that the trial court's evidentiary ruling limiting testimony about Robinson's twin brother, Harold Robinson, was erroneous. *Id.* *2. Police reports and other documents mentioned

2

Harold Robinson, and Robinson argued that he should be allowed to ask the state's witnesses about those errors to show that its investigation was "sloppy." *See id.* The state objected, arguing that mentioning Harold Robinson "might lead the jury to believe that the twin brother committed the crimes." *Id.* The circuit court ruled that trial counsel could ask about the errors and refer to Harold Robinson, but prohibited any mention that Robinson's brother was a twin or shared the same birthdate, and the state court of appeals concluded that this ruling wasn't an abuse of discretion. *Id.*

The state court of appeals determined that there would be no arguable merit to a claim that Flanagan provided ineffective assistance by failing to argue that Harold Robinson committed some or all of the offenses. *Id.* In his postconviction motion, Robinson argued that Harold Robinson had: (1) a motive to sell drugs because selling drugs is profitable; (2) an opportunity to sell drugs because he had access to the home where the drugs and other incriminating items were found; and (3) a direct connection to the crime because his name was found in the police reports. *Id.* The state court of appeals agreed with the postconviction court's determination that this offer of proof was too speculative to support the admission of evidence that Harold Robinson had a motive and opportunity to commit the crime and a direct connection to it. *Id.* Furthermore, "Robinson informed the circuit court on the record that he did not want to pursue an allegation that his twin brother was the perpetrator." *Id.*

The state court of appeals determined that the other issues raised by Bonneson and Robinson lacked arguable merit. *Id.* **2–3. On November 25, 2022, the state supreme court dismissed Robinson's petition for review. *State v. Robinson*, 2022 WI 107. Robinson didn't seek review in the U.S. Supreme Court. Dkt. 9 at 3.

Under the prison mailbox rule, Robinson filed his federal petition on September 13, 2023. Dkt. 1 at 20. The court ordered Robinson to amend his petition because it didn't substantially follow the court's form for § 2254 cases. Dkt. 2.

Robinson filed an amended petition using the court's form and a supporting memorandum. Dkt. 9 and Dkt. 10. In his amended petition, Robinson brings four claims: (1) a due process violation based on the circuit court's failure to order the state to disclose "critical documents" related to state or federal agents' use of an unknown black man and a confidential informant to set up Robinson to sell heroin; (2) "lack of jurisdiction" because an ATF agent was involved in the investigation leading to Robinson's arrest, meaning that the "arrest and investigation were both federal in nature"; (3) ineffective assistance by both Flanagan and Bonneson, though Robinson doesn't explain why their assistance was ineffective; and (4) Fourth and Sixth Amendment violations because affidavits by federal agents supporting his arrest "were sealed and replaced" by a state law enforcement officer's affidavit. *See* Dkt. 9 at 5, 7–8, 10; Dkt. 9-2. Robinson states that claim 1 and 4 are unexhausted. Dkt. 9 at 5–6, 10.

Robinson's supporting memorandum is not a model of clarity. Robinson attempts to expand on claims 1–4, and he also argues that the circuit court's evidentiary ruling limiting testimony about Harold Robinson deprived him of his right to present a complete defense. *See* Dkt. 10 at 2–5. I will designate this additional argument as claim 5. I take Robinson to clarify that the basis of his claim of ineffective assistance (claim 3) is that Flanagan and Bonneson failed to raise the substantive issues that claims 1 and 4 embody. *See id.* at 2–4. Contrary to his amended petition, Robinson says in his supporting memorandum that he exhausted all his claims. *See id.* at 2.

4

ANALYSIS

Section 2254 requires petitioners to "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A), (c). To exhaust his federal claims in state court, Robinson must assert them "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *See Wilson*, 58 F.4th at 319.

Robinson states in his amended petition that he didn't raise claims 1 and 4 on direct appeal or in postconviction proceedings, Dkt. 9 at 5–6, 10, and the court of appeals' decision doesn't indicate otherwise. I will not accept the inconsistent allegation in Robinson's supporting memorandum that he exhausted his state-court remedies on these claims. The court dismissed Robinson's initial petition in part because he didn't file it on the habeas form and, therefore, the petition didn't "provide the specific information about the exhaustion of state court remedies that the [] form require[d]." Dkt. 2 at 2. So, when Robinson filed his amended petition, he knew the importance of the information that the form requires about the exhaustion of administrative remedies. Also, the court ordered Robinson to use the form for his amended petition because the initial petition lacked the "proper verification language from 28 U.S.C. § 1746(2)," as the form requires. *Id.* Robinson signed the form when he submitted his amended petition, thus acknowledging that the information he provided about the exhaustion of administrative remedies was "true and correct." *See* Dkt. 9 at 15. I will not accept the supporting memorandum's inconsistent allegation in part because Robinson didn't sign that document under penalty of perjury. Dkt. 10 at 5.

Ordinarily, when a habeas petition contains exhausted and unexhausted claims, the court must dismiss it, "leaving the prisoner with the choice of returning to state court to exhaust

5


his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Courts have discretion to stay the case and hold the unexhausted claims in abeyance while a petitioner returns to state court to exhaust them. *See Rhines v. Weber*, 544 U.S. 269, 275–76 (2005). "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277.

Robinson hasn't shown good cause for his failure to exhaust claims 1 and 4. Robinson faults Bonneson for not raising claims 1 and 4 on appeal. *See* Dkt. 9 at 5–6, 10. But Robinson hasn't argued that Bonneson's failure to raise these claims on appeal "in any way delayed or undermined his ability to exhaust [them in state court]." *Cf. Yeoman v. Pollard*, 875 F.3d 832, 836 (7th Cir. 2017). Robinson could have raised them in his response to Bonneson's no-merit report, as he did other issues, or he could have filed a petition for writ of habeas corpus in the state court of appeals alleging ineffective assistance of appellate counsel. *See N. v. Boatwright*, 594 F.3d 555, 558 (7th Cir. 2010) (stating that, under Wisconsin law, "a habeas corpus petition filed in the court of appeals is the proper vehicle for raising claims of ineffective assistance of appellate counsel"). Robinson might not have realized that he could have pursued that relief, but his lack of legal knowledge or legal mistake doesn't show good cause for purposes of a *Rhines* stay. *See Yeoman*, 875 F.3d at 838.

I will give Robinson the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court. Robinson is cautioned that returning to state court to exhaust claims 1 and 4 will most likely result in a future petition being dismissed as untimely. *See Duncan v. Walker*,

6

533 U.S. 167, 181–82 (2001) (filing a federal habeas petition doesn't toll § 2244(d)(1)'s statute of limitations).

I will give Robinson 14 days to notify the court of his decision, which he should do in a short notice not to exceed one page. If, as I expect, Robinson opts to file a second amended petition bringing only claims 2, 3, and 5, there's no need for him to file a second amended petition. Instead, I will screen claims 2, 3, and 5. If Robinson doesn't notify the court of his decision within 14 days, I will deem claims 1 and 4 abandoned, and I will screen claims 2, 3, and 5.

ORDER

IT IS ORDERED that:

1. Petitioner Harry A. Robinson has until August 23, 2024, to file a short notice, not to exceed one page, stating whether he wants to return to state court to exhaust his unexhausted claims or submit a second amended petition that contains only his exhausted claims.

2. If petitioner doesn't file the notice by this deadline, I will deem claims 1 and 4 abandoned and screen claims 2, 3, and 5.

3. The clerk is directed to send petitioner a copy of this order.

Entered August 9, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge