IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRY A. ROBINSON,

                              Petitioner,

  v.                                                      OPINION and ORDER

KEVIN A. CARR,                                       23-cv-636-jdp

                              Respondent.

---

Petitioner Harry A. Robinson, proceeding without counsel, seeks relief under 28 U.S.C. § 2254 following his convictions for delivering heroin in Milwaukee County Case No. 2014CF1137. I screened the amended petition, found that Robinson failed to exhaust state-court remedies on claims 1 and 4, and determined that he didn't show good cause to stay the amended petition and hold the unexhausted claims in abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). Dkt. 11. Pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982), I gave Robinson the choice of returning to state court to exhaust claims 1 and 4, or of filing a second amended petition bringing only his exhausted claims (claims 2, 3, and 5).

Robinson informed the court that he doesn't want to return to state court. Dkt. 12 at 1. But Robinson contends that my finding that he failed to exhaust claims 1 and 4 was erroneous. *See id.* at 1–2. Robinson hasn't shown that my order was erroneous. *See id.*

Therefore, I will screen claims 2, 3, and 5 of the amended petition under Rule 4 of the Rules Governing § 2254 Cases. Rule 4 requires me to examine the amended petition and supporting exhibits and dismiss that submission if it "plainly appears" that Robinson isn't entitled to relief. I may take judicial notice of records in Robinson's underlying state court proceedings when reviewing the amended petition under Rule 4. *See Green v. Warden*,

699 F.2d 364, 369 (7th Cir. 1983). Claims 2, 3, and 5 plainly lack merit; I will deny the amended petition.

BACKGROUND

This background is drawn primarily from the state court of appeals' decision affirming both Robinson's convictions and the circuit court's denial of his postconviction motion. *State v. Robinson*, No. 2019AP1313, 2022 WL 4137711 (Wis. Ct. App. Sept. 13, 2022).

The state charged Robinson with five counts of delivering heroin, all as a second or subsequent offense. *Id.* *1. A jury convicted Robinson on all charges. *Id.* The circuit court sentenced Robinson to 20 years of initial confinement followed by 11 years of extended supervision. *Id.* Represented by Paul G. Bonneson, Robinson moved for postconviction relief, arguing that trial counsel, Patrick Flanagan, was ineffective because he didn't raise a third-party perpetrator defense or argue that Robinson's incriminating statement to police was involuntary. *See id.* The circuit court denied the motion. *Id.*

Bonneson filed a no-merit report seeking to withdraw as appellate counsel. *Id.* The state court of appeals determined that there was no arguable merit to a claim that the evidence was insufficient to support the verdict. *Id.* Further, the state court of appeals determined that there would be no arguable merit to a claim that the trial court's evidentiary ruling limiting testimony about Robinson's twin brother, Harold Robinson, was erroneous. *Id.* *2. The state court of appeals also determined that there would be no arguable merit to a claim that Flanagan provided ineffective assistance by failing to argue that Harold Robinson committed some or all of the offenses. *Id.* Finally, the state court of appeals determined that the other issues raised by Bonneson and Robinson lacked arguable merit. *Id.* *2–3.

On November 25, 2022, the state supreme court dismissed Robinson's petition for review. *State v. Robinson*, 2022 WI 107. Robinson didn't seek review in the U.S. Supreme Court. Dkt. 9 at 3.

Under the prison mailbox rule, Robinson filed his federal petition on September 13, 2023. Dkt. 1 at 20. This court ordered Robinson to amend his petition because it didn't substantially follow the court's form for § 2254 cases. Dkt. 2.

Robinson filed an amended petition using the court's form and a supporting memorandum. Dkt. 9 and Dkt. 10. In his amended petition, Robinson brings four claims for relief. *See* Dkt. 9 at 5, 7–8, 10. Robinson raises a fifth claim in the supporting memorandum. *See* Dkt. 10 at 2–4.

ANALYSIS

A. **Habeas review standards**

Federal courts may grant habeas relief only if the state court's denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)–(2). A state court's adjudication is "contrary to" clearly established Supreme Court precedent if the court either: (1) reaches a conclusion on a question of law opposite to that reached by the Supreme Court; or (2) decides a case differently than the Supreme Court has on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under § 2254(d)(1)'s "unreasonable application" clause, courts may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies

3

that principle to the facts of the case. *Id.* at 413. For the application to be unreasonable, a state prisoner "must show that the state court's decision is so obviously wrong that its error lies beyond any possibility for fairminded disagreement." *Shinn v. Kayer*, 141 S. Ct. 517, 523 (2020) (per curiam). Similarly, for a state court's factual finding to be unreasonable, there must be no possibility of reasonable agreement with the finding. *See Brumfield v. Cain*, 576 U.S. 305, 313–14 (2015); *Wood v. Allen*, 558 U.S. 290, 301–02 (2010).

When applying § 2254(d), courts look to "the last reasoned state-court decision to decide the merits of the case, even if the state's supreme court then denied discretionary review." *See Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017) (en banc); *see also Wilson v. Sellers,* 584 U.S. 122, 125 (2018). Review under § 2254(d) is limited to the state-court record. *See Shoop v. Twyford*, 142 S. Ct. 2037, 2043–44 (2022); *Dunn v. Neal*, 44 F.4th 696, 702 (7th Cir. 2022). The petitioner bears the burden to show an error under § 2254(d), and the burden of proof under § 2254 generally. *See Westray v. Brookhart*, 36 F.4th 737, 746 (7th Cir. 2022); *Quintana v. Chandler*, 723 F.3d 849, 854 (7th Cir. 2013).

Claims of ineffective assistance of counsel are governed by the two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish that counsel provided ineffective assistance, Robinson must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. 466 U.S. at 687. To prove deficient performance, Robinson must show that counsel's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove prejudice, Robinson must show "a reasonable

4

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

*Strickland* governs a claim of ineffective assistance of appellate counsel. *Makiel v. Butler*, 782 F.3d 882, 897 (7th Cir. 2015). To prevail, Robinson "must show that appellate counsel failed to raise an obvious issue that is stronger than the other claims raised [in the no-merit report] and that prejudice flowed from that failure." *Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010). Prejudice exists if there is a reasonable probability that the issue that appellate counsel "failed to raise would have altered the outcome of the appeal, had it been raised." *Id.*; *see also Ramirez v. Tegels*, 963 F.3d 604, 613 (7th Cir. 2020).

It is "all the more difficult" to prevail on a *Strickland* claim under § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Because the standards that *Strickland* and § 2254(d) create are both "highly deferential," review is "doubly" so when the two apply in tandem. *Id.* The question is not whether counsel's actions were reasonable, but rather, "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

Section 2254 petitions must meet "heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "The § 2254 Rules . . . mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). I need not "need not hold an evidentiary hearing for vague or conclusory allegations." *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018).

B. **Claim 2**

Robinson contends that the state circuit court lacked "jurisdiction" because an ATF agent was involved in the investigation leading to his arrest, meaning that the "arrest and investigation were both federal in nature." Dkt. 9 at 7; *see also* Dkt. 10 at 3 (citing *Byars v.*

*United States*, 273 U.S. 28 (1927)). Robinson further contends that the state sought to deprive him of the right to challenge venue so that his prosecution wouldn't be held in a forum where "a de facto double standard developed." Dkt. 9 at 7.

State authorities' collaboration with a federal agent in a drug investigation that leads to state criminal charges does not deprive a state trial court of jurisdiction over the state charges. *Cf. United States v. Johnson*, 65 F.4th 932, 938 (7th Cir. 2023) (noting that "state and federal prosecutors consult and cooperate with one another all the time"); *United States v. Moore*, 543 F.3d 891, 897 (7th Cir. 2008) ("[I]t is well-established that under principles of dual sovereignty, both the state and the federal government may sentence a defendant for actions criminal under both state and federal law."). *Byars* held only that, "when a federal officer participates officially with state officers in a search, the constitutionality of that search is to be tested as though it were an official federal search." *United States v. Carter*, 592 F.2d 402, 406 (7th Cir. 1979). *Byars* doesn't apply to Robinson's "jurisdictional" claim. Robinson's other contention that the state sought to deprive him of the right to challenge venue is too conclusory and unclear to support habeas relief. Claim 2 is plainly insufficient.

## C.  Claim 3

Robinson contends that Flanagan and Bonneson provided ineffective assistance of counsel. Dkt. 9 at 8. I take Robinson to assert that the basis of this claim is that Flanagan and Bonneson failed to raise the substantive issues in claims 1 through 4. *See* Dkt. 10. Claim 2 is meritless, so counsel's failure to raise it doesn't support claim 3. *See Warren v. Baenen*, 712 F.3d 1090, 1105–06 (7th Cir. 2013).

Claims 1 and 4 are the bases for claim 3. In claim 1, Robinson asserts a due process violation based on the circuit court's failure to order the state to disclose "critical documents"

6

related to state or federal agents' use of an unknown black man and a confidential informant to set up Robinson to sell heroin. Dkt. 9 at 5. But Robinson's initial trial counsel, Kavion Yazdani, unsuccessfully moved to compel this information. *See* Dkt. 9-2. Flanagan had a reasonable basis to conclude that the circuit court would have denied a new motion raising the same issue. *See United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991) ("[C]ounsel does not render ineffective assistance by failing to pursue arguments that are clearly destined to prove unsuccessful[.]" (citation omitted)).

Bonneson could have pursued that issue on appeal, arguing that the state's failure to provide that information deprived Robinson of his right to present a complete defense. *See* Dkt. 9-2 at 2. But the cases in which the Supreme Court has "invoked this principle dealt with the exclusion of evidence, or the testimony of defense witnesses." *Gilmore v. Taylor*, 508 U.S. 333, 343 (1993). By contrast, Robinson hasn't specifically identified any "critical documents" that Flanagan proffered but that the circuit court excluded regarding agents' use of unidentified individuals to set up him to sell heroin. Robinson just assumes that those documents existed. Nor has Robinson alleged that the circuit court excluded any trial testimony about agents' use of unidentified individuals to set up him to sell heroin. Robinson may be faulting Bonneson for not raising this claim under *Brady v. Maryland*, 373 U.S. 83 (1963). But Robinson doesn't allege that trial counsel preserved that claim and, "[i]n most cases, an unpreserved trial error will not be a plainly stronger ground for appeal than preserved errors." *Davila v. Davis*, 582 U.S. 521, 533 (2017). Bonneson had a reasonable basis to not pursue claim 1 on appeal.

That leaves claim 4. Robinson asserts Fourth and Sixth Amendment violations because affidavits by federal agents supporting his arrest "were sealed and replaced" by a state law enforcement officer's affidavit. *See* Dkt. 9 at 10. The Fourth Amendment guards against

7

unreasonable searches and seizures and, therefore, doesn't directly apply to this alleged deprivation. But I will assume that Robinson meant to assert a due process claim along with his Sixth Amendment claim. *Cf. Holmes v. South Carolina*, 547 U.S. 319, 319 (2006) ("Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense."); *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001) (habeas relief is appropriate for a state court evidentiary error if the ruling was so prejudicial that it compromised the petitioner's due process right to a fundamentally fair trial).

But, as with claim 1, it's clear that Flangan could not have proffered the affidavits that Robinson faults the state for failing to disclose. It's doubtful that the right to a complete defense is the appropriate vehicle to pursue this claim 4. Again, those cases deal with "the *exclusion* of evidence or the testimony of defense witnesses." *Hinkle v. Neal*, 51 F.4th 234, 243 (7th Cir. 2022) (alterations adopted) (emphasis in original). In any case, Robinson would have to show that "the proffered evidence was [] essential to [his] ability to present a defense." *See id*. Because Robinson doesn't discuss the affidavits' contents, it would be pure speculation to conclude that they were essential to his ability to present a complete defense. *Cf. id.* at 245. By the same token, there's no basis to infer that the affidavits contained material exculpatory or impeaching evidence. *Cf. Brady*, 373 U.S. at 87; *Carvajal v. Dominguez*, 542 F.3d 561, 566–67 (7th Cir. 2008). Furthermore, Flanagan was able to cross-examine the officers involved in the drug operation who testified at trial, and Robinson testified in his own defense. *Cf. Robinson*, 2022 WL 4137711, at *1–2. And the state presented strong evidence against Robinson, further undermining the contention that his conviction was fundamentally unfair. *Cf. id.* (referring to

the "other evidence against Robinson," which included an agent's testimony about his multiple drug purchases from him, videotapes and audio recordings of drug sales, and heroin and drug paraphernalia found in his home). Flanagan and Bonneson had a reasonable basis to believe that neither due process nor Robinson's right to a complete defense was violated. Claim 3 lacks merit.

D. **Claim 5**

Robinson contends that the circuit court's evidentiary ruling limiting testimony about his brother, Harold Robinson, deprived him of his right to present a complete defense. *See* Dkt. 10 at 2–5. "While the Constitution [] prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Hinkle*, 51 F.4th at 241. "When making these evidentiary decisions, the Constitution leaves trial judges wide latitude to exclude evidence in accordance with these deep-rooted evidentiary rules." *Id.* "If evidence is excluded as unfairly prejudicial, confusing, or potentially misleading—a decision reviewed deferentially—that exclusion cannot violate the right to present a complete defense." *Id.* at 241–42.

Robinson argued in the circuit court that he should be able to ask about errors in police reports and other documents that referred to Harold Robinson to show that the state's investigation was "sloppy." *Robinson*, 2022 WL 4137711, at *2. The state objected, arguing that mentioning Harold Robinson could cause the jury to believe that he, not Robinson, committed the crimes. *Id.* The circuit court ruled that Flanagan could ask about the errors and

9

refer to Harold Robinson, but prohibited any mention that he was a twin or shared the same birth date as Robinson. *Id.* This discretionary evidentiary ruling sought to balance Robinson's strategy to show that the state's investigation was unreliable with the state's interest in avoiding misleading or confusing the jury. *Cf. id.* (noting that the circuit court "properly exercised its discretion . . . based on accepted legal standards and in accord with the facts of the case"). The circuit court admitted much of the evidence that Robinson proffered, and the evidence that it didn't admit risked misleading or confusing the jury. The state court of appeals reasonably rejected this claim 5.

E.  **Evidentiary hearing**

No evidentiary hearing is warranted because, as my analysis shows, "the record . . . precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Dittmann*, 904 F.3d at 532. I have resolved the issues raised in the amended petition "by reference to the state court record." *Schriro*, 550 U.S. at 474.

F.  **Certificate of appealability**

Because Robinson seeks relief under § 2254, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Robinson makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Robinson "must demonstrate that reasonable jurists would find [my] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 474 (2000). Because Robinson cannot make this showing, I will deny a certificate of appealability.

ORDER

IT IS ORDERED that:

1. Petitioner Harry A. Robinson's amended habeas petition, Dkt. 9, is DENIED.

2. A certificate of appealability is DENIED.

3. The clerk is directed to enter judgment and send petitioner copies of this order and the judgment.

Entered September 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge